**Beatrice AMADOR, Appellant,**

v.

**Ian Frederick TAN and General Mills, Inc., Appellees.**

**No. 08–92–00329–CV.**

Court of Appeals of Texas, El Paso.

May 19, 1993.

Rehearing Overruled June 23, 1993.

Michael T. Milligan, El Paso, for appellant.

Steven L. Hughes, Mounce & Galatzan, Melinda A. Carter Mora, Mounce & Galatzan, El Paso, for appellees.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from the dismissal of a wrongful termination case. Beatrice Amador, Appellant, alleged she was terminated from her employment due to her discussion of the issue of abortion, among other theories, to which Ian Frederick Tan and General Mills, Inc., Appellees, filed special exceptions. The court sustained Appellees' special exceptions, and upon Appellant's failure to amend her pleadings, dismissed the case. In her sole point of error, Appellant complains the trial court erred in holding that she failed to state a cause of action on any of her four theories. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The Appellant, Beatrice Amador, was employed as a waitress at the Red Lobster Restaurant in El Paso, Texas from August 31, 1981 to March 30, 1990. During that period of time, Appellee, Ian Frederick Tan ("Tan"), was the manager of the restaurant. The record in the instant case shows that it is uncontroverted that Appellant's status with Red Lobster Restaurant was nothing more than an at-will employee, employed without the benefit of a written contract.

Appellant alleges that she was terminated in retaliation for actions taken by her relating to two "on-the-job" incidents. As a result of the first incident, Appellant sought the assistance of the corporate headquarters of Appellee, General Mills, Inc. This first action by Appellant required her to go "over the head" of Tan, and resulted in a subsequent investigation. Appellant alleges that this investigation by corporate headquarters formed the basis for Tan's dislike of her and his subsequent attempts to devise ways to terminate her from her employment.

The second incident involved Tan and another waitress employed by Red Lobster whom Appellant had befriended in 1985. The record shows that Appellant and the other waitress shared close personal confidences and in June of 1989, the other waitress informed Appellant that she had engaged in a sexual relationship with Tan, and as a result, had become pregnant with his child. Appellant contends that despite Tan's pressures to the contrary, she repeatedly counseled the waitress not to have an abortion. Appellant alleges that this advice to the other waitress further intensified Tan's animosity toward her, and was a contributing factor in her eventual termination from employment.

Appellant brought claims for the public policy tort of suppression of an employee's discussion of the issue of abortion, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. Tan and General Mills, Inc. filed special exceptions, excepting in part, to Appellant's failure to state a cause of action. The trial court found that Plaintiff's First Amended Original Petition failed to state causes of action upon which relief could be granted. When Appellant failed to amend her pleadings, the trial court sustained Appellees

special exceptions and dismissed her causes of action.

## II. DISCUSSION

In her sole point of error, Appellant urges it was error for the court to find that she failed to state a cause of action on any of her four alleged theories.

### A. Standard of Review

■ Generally, once a trial court sustains a party's special exceptions, the opposing party must be given an opportunity to amend its petition or face dismissal of its case.[1] *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983) (quoting *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974)); *Russell v. Texas Dep't of Human Resources*, 746 S.W.2d 510, 512–13 (Tex.App.—Texarkana 1988, writ denied).

■ When reviewing the trial court's dismissal upon special exceptions, this Court is required to accept the factual allegations as set out in plaintiff's petition as true. See *Fidelity & Casualty Co. v. Shubert*, 646 S.W.2d 270, 278 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Armendariz v. Bill Sears Supermarket No. 1*, 562 S.W.2d 529, 530 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). As the Court stated in *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), "[t]he trial court is clothed with a large degree of discretion in ruling on special exceptions. Its ruling will not be disturbed on appeal in absence of a showing of abuse of discretion." *See also Fuentes v. McFadden*, 825 S.W.2d 772, 778 (Tex.App.—El Paso 1992, no writ); *McAlister v. Medina Elec. Co. Coop., Inc.*, 830 S.W.2d 659, 661 (Tex.App.—San Antonio 1992, writ denied).

■ Similarly, the trial court's decision to dismiss a cause of action is also subject to an abuse of discretion standard. *Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 343 (Tex.App.—Houston [14th Dist.] 1992, writ denied). In examining whether a trial court abused its discretion, this Court is required to determine whether the trial court acted without reference to any guiding rules or principles, or in other words, acted in an arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Trevino*, 831 S.W.2d at 343; *Fuentes*, 825 S.W.2d at 778.

### B. Public Policy Tort of Suppression of an Employee's Discussion of the Issue of Abortion and Breach of Contract

■ Appellant alleged that her termination from employment was in retaliation for her actions in counseling a fellow waitress, who was pregnant with the manager's child, not to have an abortion and further in retaliation for complaining to her manager's corporate superiors. Appellant argues that the termination by Appellees amounted to the unlawful suppression of her discussion regarding the issue of abortion as well as a breach of an implied promise not to retaliate.[2]

It is well established in Texas, that employment for an indefinite period is terminable at will. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex.1991); *Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723, 724 (Tex.1990); *Brennan v. Midland Memorial Hosp.*, 809 S.W.2d 348, 350 (Tex.App.—El Paso 1991, no writ). The Supreme Court has carved out only one exception to the general rule allowing a cause action for wrongful termination when the employee has been discharged for the sole reason that the employee has re-

---

1. Apparently, Appellant announced in open court that she would stand on her pleadings. Nevertheless, she does not argue that the court failed to give her a chance to amend. Thus, that issue is not before this Court for consideration. *Fidelity & Casualty Co. v. Shubert*, 646 S.W.2d 270, 277 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). Moreover, once special exceptions have been granted, the party against whom the special exception has been sustained has the burden to seek leave to amend his pleadings. *Fuentes v. McFadden*, 825 S.W.2d 772, 778 (Tex.App.—El Paso 1992, no writ).

2. Appellant does not allege that this "policy" or promise not to retaliate is reduced to writing.

fused to perform an illegal act. *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985).[3] Numerous other restrictions and exceptions to at-will doctrine have been created by the legislature. See *Winters*, 795 S.W.2d at 724, and n. 1 and 2.

We have reviewed Appellant's pleadings and find that she has wholly failed to plead any of the recognized exceptions to the general rule of at-will employment. To the contrary, Appellant seeks to have this Court create additional exceptions and establish a "public policy tort" of suppression of an employee's discussion of the issue of abortion, as well as a cause of action for breach of an implied promise not to retaliate against her for reporting her manager to his superiors. *Winters* is the only Texas Supreme Court case since *McClendon v. Ingersoll–Rand Co.*, 779 S.W.2d 69 (Tex. 1989), *cert. granted*, 494 U.S. 1078, 110 S.Ct. 1804, 108 L.Ed.2d 935, *reversed*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), *op. withdrawn*, 807 S.W.2d 577 (Tex.1991), that has considered a possible expansion of the at-will doctrine. In *Winters*, on facts far more compelling than those found in the instant case, the Supreme Court declined to recognize "a cause of action for private employees who are discharged for reporting illegal activities." *Winters*, 795 S.W.2d at 724. We elect to follow the reasoning of *Winters*, and find that there is no recognized cause of action in Texas for a private, at-will employee who has been terminated as a result of his or her discussions regarding the issue of abortion. *See Brunner v. Al Attar*, 786 S.W.2d 784, 786 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (refusal to create an exception to at-will doctrine where employee was terminated upon her refusal to quit her volunteer work with the AIDS Foundation). Likewise, we find there is no recognized cognizable claim under Texas law which would confer a cause of action upon a private, at-will employee who has been terminated for breach of an implied promise not to retaliate for having reported his or her manager to superiors. Accordingly, we find that under current Texas law, Appellant has failed to state a cause of action for violation of the "public policy tort" as described above, or for breach of contract.

## C. Breach of Implied Duty of Good Faith and Fair Dealing

■ Appellant next alleges that Appellees breached their implied duty of good faith and fair dealing. As Appellees have correctly pointed out, neither the Texas Supreme Court nor any intermediate appellate court in our State has ever recognized this covenant within the employment relationship. *See Day & Zimmermann, Inc. v. Hatridge*, 831 S.W.2d 65, 71 (Tex.App.—Texarkana 1992, writ denied) (and cases cited therein). The Supreme Court "expressly rejected an invitation to recognize" the implied covenant of good faith and fair dealing in the employment area. *Hicks v. Baylor Univ. Medical Ctr.*, 789 S.W.2d 299, 304 (Tex.App.—Dallas 1990, writ denied) (citing *McClendon*, 779 S.W.2d at 70, n. 1). Courts of Appeals are bound by precedent, consequently, we reject the invitation to recognize this new cause of action. Changes in the common law should be left to the Texas Legislature and Supreme Court. *Id.*; *Winograd v. Willis*, 789 S.W.2d 307, 312 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538 (Tex.App.—Houston [1st Dist.] 1988, writ denied). We find that Appellant has failed to state a cause of action for breach of the implied duty of good faith and fair dealing.

## D. Intentional Infliction of Emotional Distress

■ Appellant has additionally alleged that the actions of both Tan and General Mills, Inc. constituted intentional infliction

---

**3.** The Supreme Court also attempted to expand the employment-at-will doctrine in *McClendon v. Ingersoll–Rand Co.*, 779 S.W.2d 69 (Tex.1989), *cert. granted*, 494 U.S. 1078, 110 S.Ct. 1804, 108 L.Ed.2d 935 *reversed*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), *op. withdrawn*, 807 S.W.2d 577 (Tex.1991). In *McClendon*, the Supreme Court recognized an exception to the doctrine where the employee proves the principal reason for termination was to avoid payment of benefits under a pension fund. However, this case was reversed by the United States Supreme Court, which held that the state wrongful discharge claims were preempted by ERISA.

of emotional distress. Specifically, Appellant asserts that Tan's retaliatory conduct was "so extreme and outrageous that no reasonable person would endure it without extreme mental anguish."

Once again, we find that the Texas Supreme Court has never recognized the tort of intentional infliction of emotional distress within the employment relationship and specifically declined to do so in *Diamond Shamrock Ref. v. Mendez*, 844 S.W.2d 198 (Tex.1992) (stating "we need not do so because [Plaintiff/Appellant] failed to offer more than a scintilla of evidence" on the essential element of outrageous conduct). Nevertheless, we recognize that various Courts of Appeals have done so. *See e.g., Bushell v. Dean*, 781 S.W.2d 652, 657–58 (Tex.App.—Austin 1989), *rev'd on other grounds*, 803 S.W.2d 711 (Tex.1991); *Service Lloyds Ins. Co. v. Greenhalgh*, 771 S.W.2d 688, 692 (Tex. App.—Austin 1989), *rev'd on other grounds*, 787 S.W.2d 938 (Tex.1990); *Tidelands Auto. Club v. Walters*, 699 S.W.2d 939 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.). Although *Mendez* calls the above decisions into question, we nevertheless address whether Appellant has pleaded enough to establish a cause of action for intentional infliction of emotional distress in general.

An essential element of the tort of intentional infliction of emotional distress is that the conduct of the defendant must be extreme and outrageous. *Tidelands*, 699 S.W.2d at 942. Restatement (Second) of Torts § 46, comment d, (1965) describes conduct that would reach the level of "outrageousness" necessary for liability for intentional infliction of emotional distress as follows:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*See also Diamond Shamrock Refining v. Mendez*, 844 S.W.2d at 202; *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir.1989) (quoting RESTATEMENT (SECOND) OF TORTS § 46, comment d). In *Mendez*, the Supreme Court held that an employer's public statement that the reason for an employee's termination (i.e., that he was a thief) was *not* in and of itself some evidence of extreme and outrageous conduct. *Id.* at 202. Likewise, we find the retaliatory actions of Tan, even if taken as true, do not constitute extreme and outrageous conduct and thus, do not give rise to a cause of action for intentional infliction of emotional distress. *See Johnson v. Merrell Dow Pharmaceuticals Inc.*, 965 F.2d 31 (5th Cir.1992); *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir.1991). Moreover, harassing and retaliatory conduct, without more, is likewise insufficient to support a cause of action for intentional infliction of emotional distress. *See Ramirez v. Allright Parking*, 970 F.2d 1372, 1376 (5th Cir.1992) (conduct, although perhaps illegal and discriminatory was not extreme and outrageous); *Johnson*, 965 F.2d at 31 (harassing conduct relating to psychological leave of absence not extreme and outrageous); *Wilson*, 939 F.2d at 1143 (5th Cir.1991) (year long campaign of harassment and specific statements calling plaintiff "old" and "a gold brick" were not enough; humiliating demotion brought in sufficient facts constituting extreme and outrageous behavior); *Dean*, 885 F.2d at 303–04, 307 (more than harassing conduct was required). As in *Mendez*, we find the conduct in the instant case fails to rise to the level of being extreme and outrageous. Consequently, when raised within the employment context, Appellant cannot advance a cause of action for intentional infliction of emotional distress.

In light of the above, we find that the trial court did not abuse its discretion in finding that Appellant failed to state a cause of action. Accordingly, Appellant's sole point of error is overruled and the judgment of the trial court is affirmed.