COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

MARIA
DEL REFUGIO CERVANTES, Indiv.      )

and as Representative of the Estate of TOMAS     )

ROGELIO
RETANA, and as Next Friends of  )

TOMAS
ROGELIO RETANA CERVANTES, )

DANIELA
ANALI RENTANA CERVANTES,      )

BLANCA
ABIGAIL RETANA CERVANTES,      )

VIANEY
ANGELICA RETANA                       )

CERVANTES,
Minor Children, EDGAR          )

ALEJANDRO CERVANTES, GUSTAVO       )              No.  08-01-00104-CV

ALONSO
HERNANDEZ, PETRA VALLES    )

VALDEZ, ROGELIO RETANA
MELENDEZ,      )                         
Appeal from the

EMETERIO
HERNANDEZ, ROBERTO        )

HOLGUIN,
ROBERTO HOLGUIN, JR.,        )            
County Court at Law #7

BENITO
MERJIL, JUAN LUIS MERJIL, JOSE  )

JESUS
MUNOZ BADILLO, DANIEL              )           
of El Paso County, Texas

MURILLO,
IGNACIO MURILLO, JOSE       )

ANTONIO
REYES, and MANUEL VENZOR, )                
(TC# 2001-876)

                                                                              )

Appellants,                       )

                                                                              )

v.                                                                           )

                                                                              )

HAUSMAN
BUS SALES, INC.,                        )

                                                                              )

Appellee.                          )

                                                                              )

 

O
P I N I O N

 

This is an
appeal from the granting of summary judgment. 
For the reasons stated, we affirm.








SUMMARY
OF THE EVIDENCE

Tomas
Rogelio Retana (ARetana@) and others were involved
in a bus accident in January 1998.  The
first group of Appellants, Maria Del Refugio Cervantes, Tomas Rogelio Retana Cervantes, Daniela Anali Retana Cervantes, Blanca Abigail Retana
Cervantes, Vianey Angelica Retana
Cervantes,  Edgar Alejandro Cervantes,
Gustavo Alonso Hernandez, Petra Valles Valdez, and
Rogelio Retana Melendez, are Retana=s heirs, beneficiaries,
and/or relatives.  The second group of
Appellants, Emeterio Hernandez, Roberto Holguin, Roberto Holguin, Jr.,
Benito Merjil, Juan Luis Merjil,
Jose Jesus Munoz Badillo, Daniel Murillo, Ignacio
Murillo, Jose Antonio Reyes, and Manuel Venzor, were
injured in the bus accident.[1]  

Appellants
originally filed suit against the bus operator, Golden Star Tours, Inc. (AGolden Star@) and its driver, Manuel E.
Avila (AAvila@) in August 1998.  Appellee, Hausman Bus Sales, Inc. (AHausman@), and other parties were
joined in the lawsuit in January 2000.  Hausman filed its original answer later that same
month.  Appellants settled with Golden
Star and Avila in April 2000.  Later that
month, Appellants propounded a request for disclosure upon Hausman.  Hausman responded
to the request for disclosure in May 2000. 

Hausman filed its no-evidence
motion for summary judgment in January 2001. 
The hearing on Hausman=s motion was set for January
30, 2001.  Appellants filed a response
and a motion for continuance on January 23, 2001.  Appellants attached only one exhibit, Hausman=s response to the request for disclosure.  Hausman filed its
reply to Appellants= response and its response in opposition to 

 








Appellants= motion for
continuance.  After the hearing on Hausman=s motion for summary judgment, the trial court granted Hausman=s no-evidence summary judgment.  The trial court also denied Appellants= motion for
continuance.  Hausman
then filed a motion to sever, which was granted.  This appeal follows. 

DISCUSSION

Appellants
bring four issues on appeal.  We note
that Appellants do not directly attack the trial court=s granting of Hausman=s no-evidence summary judgment motion.  Instead, Appellants assert alleged error on
the part of Hausman and the trial court.  These complaints will be reviewed under the
abuse of discretion standard. 

Abuse
of Discretion Standard of Review








AA [party] who attacks the
ruling of a trial court as an abuse of discretion labors under a heavy burden.@  Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917(Tex. 1985)(orig. proceeding). The
test for abuse of discretion is not whether, in the opinion of this Court, the
facts present an appropriate case for the trial court=s actions.  Rather, it is a question of whether the court
acted without reference to any guiding rules and principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985) cert. denied, 476 U.S. 1159 (1986); Amador
v. Tan, 855 S.W.2d 131, 133 (Tex.App.--El Paso
1993, writ denied).  Another way of
stating the test is whether the act was arbitrary or unreasonable.  Downer, 701 S.W.2d
at 242, citing Smithson v. Cessna Aircraft Co., 665 S.W.2d 439,
443 (Tex. 1984); Amador, 855 S.W.2d at 133.  The mere fact that a trial court may decide a
matter within its discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Downer, 701 S.W.2d at 242, citing Southwestern
Bell Telephone Co. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965).  A mere error of judgment is not an abuse of
discretion.  Loftin
v. Martin, 776 S.W.2d 145, 146 (Tex. 
1989)(orig. proceeding).

In
Issue No.
One, Appellants allege that Hausman failed to
identify its testifying experts and in so doing, prevented Appellants from
seeking the deposition testimony of those experts to determine whether Hausman was responsible. 
Hausman agrees that it had not yet identified
any experts, but maintains that it had no duty to do so.  Appellants rely on Rule 195.2(b) of the Texas
Rules of Civil Procedure.  Rule 195.2(b)
provides that for parties not seeking affirmative relief, the expert
designation deadline is 60 days before the end of the discovery period.  Tex.R.Civ.P. 195.2(b).  Appellants have conceded that the trial court
had not yet set a deadline for discovery or a trial date.  See Issue No. Two.  Therefore, Hausman=s designation of an expert
witness was not due or overdue at the time of the filing of its summary
judgment motion.[2]  We overrule Issue No. One.


In
Issue No.
Two, Appellants argue that the trial court did not issue a Docket Control Order
or an Order setting the case for trial. 
Appellants assert that Rule 190 of the Texas Rules of Civil Procedure Arequires discovery control
plans in all cases filed on or about January 1, 1999.  For cases filed before this date, the trial
court may adopt appropriate discovery control plans.@  This suit was filed August 21, 1998, before
the implementation of the new discovery rules. 
Tex.R.Civ.P. 190, adopted eff. Jan. 1, 1999, by order of Nov. 9, 1998, Misc. Docket
No. 98-9196, 977 S.W.2d 39.  Thus,
there is no affirmative duty placed upon the trial court in this case to issue
a discovery control plan or to set a 

 








trial date.  The authority cited by Appellants supports
this position.  Moreover, the trial court
has the inherent authority to control the disposition of cases on its docket.  Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 240 (Tex. 2001).  The trial court did not abuse its discretion
in failing to issue a docket control order or in failing to set a trial
date.  Issue No.
Two is overruled. 

In
Issue No.
Three, Appellants argue that the trial court erred in failing to grant their
motion for continuance.  Hausman argues that Appellants failed to support the motion
with any affidavit or other verification. 
We agree.

No
continuance shall be granted Aexcept for sufficient cause supported by affidavit, or
by consent of the parties, or by operation of law.@  Tex.R.Civ.P. 251.  We will not
disturb the trial court=s denial of a motion for continuance except for a clear
abuse of discretion.  Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); Verkin
v. Southwest Ctr. One, Ltd., 784 S.W.2d 92, 94 (Tex.App.--Houston
[1st Dist.] 1989, writ denied).  If a motion for continuance is not verified
or supported by affidavit, the appellate court will presume the trial court did
not abuse its discretion in denying the motion. 
City of Houston v. Blackbird, 658 S.W.2d 269, 272 (Tex.App.--Houston [1st Dist.] 1983, writ dism=d)(court of appeals must presume trial court did not
abuse its discretion in denying motion for continuance not verified, as
required by Tex.R.Civ.P. 251, 252).  This presumption is rebuttable,
not absolute.  Thrower
v. Johnston, 775 S.W.2d 718, 720-21 (Tex.App.--Dallas
1989, no writ).  In this case,
Appellants filed an unverified motion for continuance.  Therefore, we presume that the trial court
did not abuse its discretion in denying the motion.  See Blackbird, 658
S.W.2d at 272.  Issue
No. Three is overruled.








In
Issue No.
Four, Appellants allege that the trial court denied their right to a jury trial
when it granted Hausman=s motion for summary
judgment.  The Texas Constitution
provides, AThe right of trial by jury
shall remain inviolate.@  Tex.Const. art. I, ' 15.  The right to a jury trial in civil cases is
not absolute, but rather is regulated by rules specifying its
availability.  Green
v. W.E. Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968).  The purpose of the summary judgment rule is
not to provide trial by affidavit, but rather to provide a method of summarily
terminating a case when it clearly appears that only questions of law are
involved and that there are no genuine issues of fact.  Port Distrib.
Corp. v. Fritz Chem. Co., 775
S.W.2d 669, 670 (Tex.App.--Dallas 1989, writ dism=d by agr.).  The rule does not deprive litigants of a jury
trial where there exists a material question of fact.  When a party cannot show a material fact
issue, there is nothing to submit to a jury, and the grant of summary judgment to
the opposing party does not violate the constitutional right to a jury
trial.  Querner
Truck Lines, Inc. v. Alta Verde Indus., Inc., 747 S.W.2d 464, 469 (Tex.App.--San Antonio 1988, no writ); Carrabba
v. Employers Cas. Co.,
742 S.W.2d 709, 717 (Tex.App.--Houston [14th Dist.]
1987, no writ); Mills v. Rice, 441 S.W.2d 290, 292 (Tex.Civ.App.--El
Paso 1969, no writ); see also 68 Tex.
Jur.
3rd Summary Judgment ' 3 (1989)(summary judgment
procedure does not infringe right to trial by jury).

Here,
Appellants failed to bring forth more than a scintilla of probative evidence to
raise a genuine issue of material fact as to an essential element of the nonmovant=s claim on which the nonmovant
would have the burden of proof at trial. 
Tex.R.Civ.P. 166a(i).  As noted,
Appellants did not attach any controverting evidence
to their response.  Thus the trial court
did not err in granting Hausman=s no-evidence summary
judgment motion and did not deny Appellants their right to a jury trial.  Issue No. Four is
overruled. 

 








We affirm
the judgment of the trial court.

 

 

June
27, 2002

DAVID
WELLINGTON CHEW, Justice

 

Before Panel No. 5

McClure, J., Chew, J., and Preslar, C.J. (Retired)

{Preslar,
C.J., Retired)(Sitting by assignment)











[1] We will refer to both
groups collectively as AAppellants.@ 





[2] We note that Appellants
never moved to compel Hausman to designate an expert
witness.