COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 ROBINSON B.
 DAVID,
  
                             Appellant,
  
 v.
  
 JEANNE KAMMAN,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00276-CV
  
 Appeal from the
  
 County Court at Law No. 4
  
 of Dallas County, Texas
  
 (TC# CC-00-02622-D)
 
 




 

 

O P I N I O N

 

This is an appeal from a judgment
assessing professional fees against Appellant, Robinson B. David, in a personal
injury suit.  For the reasons stated, we
affirm.

I.  SUMMARY OF THE EVIDENCE

On March 8, 1998, Appellee,
Jeanne Kamman, was involved in an automobile accident
with Appellant.  Appellee
sued Appellant for personal injuries, including past medical expenses.  Prior to the trial of the case, the trial
court entered partial summary judgment in favor of Appellee
on the liability issue.  Thus, the only
issue submitted to the jury was that of damages. 








During the trial, Appellee=s treating healthcare providers, Dr.
Michael J. Reed and Dr. Don West, testified about various injuries allegedly
sustained by her as a result of the accident. 
Appellee offered the testimony of Drs. Reed
and West via deposition.  Appellant opted
to subpoena both doctors in order to conduct their examination live at
trial.  Neither doctor filed any
objection or motion for protection in response to the subpoenas served. 

The jury determined that Appellee was not entitled to any damages as a result of the
accident in question.  The trial court
entered judgment that Appellee take nothing, but
included the following provision concerning court costs:

Costs of court are adjudged against Plaintiff, SAVING
AND EXCEPTING the portion of costs represented by the professional fees charged
by Drs. West and Reed incurred as a result of the trial subpoena of them issued
by Defendant, which portion is adjudged against Defendant.  

 

Appellant filed his Motion to Modify
that portion of the judgment purporting to tax professional fees against
him.  That motion was overruled by
operation of law and this appeal follows.

II.  DISCUSSION

In his sole
issue on appeal, Appellant challenges the trial court=s ordering in its Final Judgment that
Appellant pay the professional fees of Dr. Michael Reed and Dr. Don West
charged as a result of their appearance and testimony at trial.  We begin with a discussion of the standard of
review.

A.  Abuse of Discretion Standard of Review








AA [party] who attacks the ruling of a
trial court as an abuse of discretion labors under a heavy burden.@ 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding).  The test for
abuse of discretion is not whether, in the opinion of this Court, the facts
present an appropriate case for the trial court=s actions.  Rather, it is a question of whether the court
acted without reference to any guiding rules and principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985) cert. denied, 476 U.S. 1159 (1986); Amador
v. Tan, 855 S.W.2d 131, 133 (Tex. App.--El Paso 1993, writ denied).  Another way of stating the test is whether
the act was arbitrary or unreasonable.  Downer,
701 S.W.2d at 242 (citing Smithson v. Cessna Aircraft Co., 665 S.W.2d
439, 443 (Tex. 1984)); Amador, 855 S.W.2d at 133.  The mere fact that a trial court may decide a
matter within its discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Downer,
701 S.W.2d at 242 (citing Southwestern Bell Telephone Co. v. Johnson,
389 S.W.2d 645, 648 (Tex. 1965)).  A mere
error of judgment is not an abuse of discretion.  Loftin v.
Martin, 776 S.W.2d 145, 146 (Tex. 1989).

Appellant
argues that the court erred in characterizing the professional fees charged by
Drs. Reed and West as court costs and in adjudging those costs against
him.  Appellee
argues that the trial court has the inherent power to protect a witness from
undue burden or expense and thus the trial court did not err in holding
Appellant responsible for paying the doctors= reasonable expenses. 








The issue of
the payment of the doctors= expenses was discussed several times during the trial.  The first hearing was held outside the
presence of the jury when Appellee=s counsel advised the court that he
had received a bill for Dr. Reed=s expenses totaling $4,000.  Appellee=s counsel requested that the court
order Appellant to pay the bill since Appellant subpoenaed Dr. Reed.[1]  Appellant=s counsel argued that because it was Appellee=s expert and because the rules do not provide for the court
to assess costs against a defendant for cross-examining a witness, Appellee should be responsible for the doctor=s expenses.  The court noted, A. . . the issue is framed.  It=s under advisement.@ 

Later, prior
to Dr. West=s cross-examination, he asked to
speak to the judge in chambers.  The
discussion was off the record in the judge=s chambers. 

Neither Counsel asked that the court
reporter be present in chambers, thus we have no record of the discussion.  At the conclusion of Dr. West=s testimony before the lunch break,
the following exchange occurred:

Counsel for Appellee:          We=ll advise
you.  I=ll let
you know what his ruling is when he makes it.

 

The Court:                              Right.  Send the bill to whoever you think and I=ll make a ruling and they can --

 

Dr. West:                               I=ll send it to both of them.

 

The Court:                              All
right.  That=s up to you, Doctor.

 

Counsel for Appellant:         Smart
man. 

 








When the
Appellant has failed to request a reporter=s record of the hearing or, as here,
has failed to request the court reporter=s presence during the discussion in
chambers, and we therefore have no record before us, the record is presumed to
support the trial court=s ruling. See, e.g., Bryant v. United Shortline
Inc. Assurance Servs., 972 S.W.2d 26, 31 (Tex.
1998); see Piotrowski v. Minns,
873 S.W.2d 368, 370-71 (Tex. 1993) (AA litigant who fails to request that
the reporter record pretrial proceedings risks waiver of any complaint with
respect to error occurring during those proceedings.@); Simon v. York Crane &
Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987) (Appellant=s failure to request reporter at
hearing on motion for new trial created presumption of sufficient
evidence).  We indulge every presumption
in favor of the trial court=s findings in the absence of a statement of facts.  Bryant v. United Shortline
Inc. Assur. Services, N.A., 972 S.W.2d 26, 31
(Tex. 1998).  Absent a record showing an
abuse of discretion, we must presume that the evidence before the trial court
was adequate to support its decision.[2]  Simon, 739 S.W.2d at 795; see also
Tex. R. App. P. 34.6(b)(1) and
35.3(b).  Accordingly, we overrule
Appellant=s sole issue and affirm the judgment
of the trial court.

August 29, 2002

 

 

 

                                                                                                                                     RICHARD BARAJAS, Chief Justice

 

 

 

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.

 

(Do Not Publish)

 

 

 








 

 











[1]
We note that Appellee
took advantage of both doctors= presence and conducted redirect examinations. 





[2] We note that Rule 176.6(f) provides that with regard
to trial subpoenas, the person commanded to attend Amay object or move for protective order at the time
and place specified for compliance.@ Tex. R. Civ. P.
176.6(f).  Without a reporter=s record to the contrary, we presume this is what Dr.
West did while in chambers. Thus the trial
court=s ruling was supported by the record
and we cannot conclude the trial court abused its discretion.