Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



SEWELL MOTOR CO. INC., D/B/A
SEWELL MAZDA AND D/B/A
SEWELL FORD LINCOLN
MERCURY,


 Appellant,


v.


CAPITAN ENTERPRISES, INC. AND
CAPITAN TRENCHER CORP.,


 Appellees.

§


§


§


§


§


§


§


No. 08-02-00454-CV


Appeal from the


244th Judicial District Court


of Ector County, Texas


(TC# C-98,308)

 M E M O R A N D U M O P I N I O N



 This is an appeal from an order of dismissal. For the reasons stated, we affirm.

I. SUMMARY OF THE EVIDENCE


 The underlying suit was filed July 21, 1995, for damages to Appellant's, Sewell Motor
Company, Inc., d/b/a Sewell Mazda and d/b/a Sewell Ford Lincoln Mercury, inventory of
new cars. Appellant alleged that while Appellees, Capitan Enterprises, Inc. and Capitan
Trencher Corporation, were spraying paint on the south side of their building, a fine mist of
paint drifted in the air and damaged vehicles on Appellant's property. Appellant sought
$29,950.71 for repairs to the vehicles. Appellees answered on September 12, 1995. 
Appellant's first request for admissions, first request for production, and first set of
interrogatories was filed on June 7, 1996. Appellees filed their answers to Appellant's
request for admissions, request for production of documents, and answers to Appellant's
interrogatories on August 5, 1996. Appellant's second request for production was filed on
October 11, 1996. Appellees answered the second request for production on November 25,
1996. 

 Almost a year later, on October 23, 1997, the trial court set the case for a non-jury trial
for March 24, 1998. There is nothing in the record that indicates what happened to the
March 24th trial setting. The next entry in the clerk's record is Appellant's motion to compel
mediation, which was filed on November 6, 1998. Over three months later, Appellees filed
a Motion to Substitute Counsel. The record indicates no further activity until September 7,
1999, when Appellant filed its Motion to Retain on Docket. Four months later, on January
18, 2000, Appellant filed a Motion to Disqualify or in the Alternative, Motion to Recuse
because Appellees' former attorney of record had been appointed to the trial court in which
the case was pending. Appellant's motion was granted on February 9, 2000.

 On April 17, 2000, Appellant filed a second Motion to Retain on Docket. The record
indicates no activity for the next ten months. On February 16, 2001, Appellant filed its First
Amended Original Petition and on August 8, 2001, Appellant filed a Motion for Trial
Setting. Appellees filed a First Amended Original Answer on January 4, 2002. Thereafter
on February 4, 2002, Appellees filed a Motion to Dismiss, arguing that Appellant failed to
exercise due diligence in having Appellees served within the applicable limitations period
and that the court should dismiss the case under its inherent power because the case had not
been prosecuted with due diligence. Appellant filed a response to the motion on February
6, 2002, arguing that it would be an abuse of discretion to dismiss the case because Appellant
"consistently made clear" its desire to try the case. 

 On July 8, 2002, the court heard arguments on Appellees' Motion to Dismiss and
granted said motion on September 10, 2002. The court granted the motion on the basis that
Appellant failed to appear at the March 24, 1998 trial. The court stated: 

I am going to base my ruling on a rather narrow deal, but it is the duty of the
plaintiff to go forward with these matters and at the request of Mr. Patrick
directed to the Court in October '97, he requested a nonjury setting in March
of '98, which was promptly within a week of the date of his letter was granted
to him and the case was set for March 24th. The plaintiff took no action that
is reflected by the file and the defendant has the privilege of defaulting . . . At
any rate, I am going to grant the Motion to Dismiss. After the trial court dismissed Appellant's case, Appellant timely filed its notice of appeal
on October 15, 2002. 

 Subsequently, at Appellant's request, the trial court issued its Findings of Facts and
Conclusions of Law on November 12, 2002. The trial court concluded the case should be
dismissed for the following reasons: 


1) Plaintiff failed to exercise due diligence in prosecuting the case.


2) The trial court has the inherent power to dismiss for want of prosecution
when the records shows no activity and no reasonable excuses for the lack of
activity.


3) The court could dismiss the case when it was not disposed of within the
Supreme Court's time standards. 

 On November 25, 2002, Appellant requested the trial court submit an additional
findings of facts and conclusions of law. In the court's Additional Findings of Facts and
Conclusions of Law the court concluded the case should not be dismissed for the following
three reasons: 

1) The case should not be dismissed when Plaintiff had consistently made it
clear that it desired to try the case. 


2) By participating in the case on and after March 24, 1998 through the eve of
trial scheduled for the week of February 11, 2002, and thereafter, Defendant
has waived its Motion to Dismiss for want of prosecution. 


3) The Court announced at the hearing on the Motion to Dismiss that it was
granting the Motion to Dismiss specifically on the grounds of the alleged
failure of the Plaintiff to appear for trial on March 24, 1998. 


Thereafter, Appellee filed a Motion to Vacate Additional Conclusions of Law Numbers 1 and
2. The trial court then vacated and struck Additional Conclusion of Law Numbers 1 and 2
on December 16, 2002. 

 II. DISCUSSION


 Appellant presents one issue on appeal attacking the dismissal. We begin with a
discussion of the standard of review.

A. Standard of Review

 When reviewing a dismissal for want of prosecution, the sole issue is whether
Appellant can demonstrate a clear abuse of discretion by the trial court. Bevil v. Johnson,
157 Tex. 621, 307 S.W.2d 85, 87 (1957); State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984). 
The test for abuse of discretion is not whether, in the opinion of this Court, the facts present
an appropriate case for the trial court's actions. Rather, it is a question of whether the court
acted without reference to any guiding rules and principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986);
Amador v. Tan, 855 S.W.2d 131, 133 (Tex. App.--El Paso 1993, writ denied). Another way
of stating the test is whether the act was arbitrary or unreasonable. Downer, 701 S.W.2d at
242 (citing Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984)); Amador, 855
S.W.2d at 133.

 A trial court may dismiss a case for want of prosecution (1) when a party fails to
appear at a hearing or trial, (2) when the case has not been disposed of within the Supreme
Court's time standards, and (3) under the trial court's inherent power to dismiss, when the
case has not been prosecuted with due diligence. Tex. R. Civ. P. 165a; Rotello, 671 S.W.2d
at 508-09; Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex. App.--Houston [14th Dist.]
1993, no writ). The trial court's authority to dismiss is derived both from Rule 165a of the
Texas Rules of Civil Procedure and from its own inherent power to manage its own docket.
Veterans' Land Bd., v. Williams, 543 S.W.2d 89, 90 (Tex. 1976); Burton v. Hoffman, 959
S.W.2d 351, 353 (Tex. App.--Austin 1998, no pet.). When an unreasonable delay in the
prosecution of a case occurs, it is presumed that the case has been abandoned. Bilnoski, 858
S.W.2d at 57 (citing Hosey v. County of Victoria, 832 S.W.2d 701, 704 (Tex. App.--Corpus
Christi 1992, no writ)). If that delay is not sufficiently explained, the presumption of
abandonment is conclusive and the case will be dismissed. Id. The trial court may consider
periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of
time. Ozuna v. Southwest Bio-Clinical Laboratories, 766 S.W.2d 900, 902 (Tex. App.--San
Antonio 1989, writ denied).

B. Analysis

 In its sole issue, Appellant asserts the trial court abused its discretion by dismissing
the case for want of prosecution because Appellant did not fail to appear, diligently pursued
discovery and trial settings, and at all times stood ready to try the case to a conclusion. 

 Appellant asserts the trial court abused its discretion because it had no basis to dismiss
the case on the grounds that Appellant failed to appear at the March 24, 1998 trial setting. 
Appellant argues the court abused its discretion because its ruling is unsupported by the
record. In re Salgado, 53 S.W.3d 752, 758 (Tex. App.--El Paso 2001, no pet.). Appellant
relies on the court's Additional Findings of Facts and Conclusions of Law which states: 

1. On October 22, 1997, the Court entered an Order Setting Non-Jury Trial,
setting this case for a bench trial on March 24, 1998. There is no evidence,
and there is nothing in the Court's file to suggest, that the case was ever
actually called to trial.



Since there was no evidence showing the case was called for trial, Appellant contends it
could not have failed to appear.


 Although Appellant contends the trial court did not provide factual support for its
ruling, the record indicates trial was set for March 24, 1998 and there was no action taken
by Appellant on that date. Rule 245 of Texas Rules of Civil Procedure states, "A request for
trial setting constitutes a representation that the requesting party reasonably and in good faith
excepts to be ready for trial by the date requested. . . ." Tex. R. Civ. P. 245. Based upon the
record, Appellant failed to present evidence proving it was ready to proceed with trial on
March 24, 1998. Moreover, Appellant's failure to present evidence indicating it did appear
for trial supports the trial courts decision in dismissing the case on the grounds of failing to
appear. Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630 (Tex. 1999)(A
trial court may dismiss under Rule 165a on 'failure of any party seeking affirmative relief to
appear for any hearing or trial of which the party had notice'); Chacon v. Jellison, No.
249303, 2003 WL 1560184, at *2 (Tex. App.--Austin March 27, 2003) (Because neither the
Appellant nor his attorney appeared for the trial, the trial court's dismissal falls directly
within the express grant of power established in Rule 165a(1)). Therefore, we find the trial
court did not abuse its discretion because Appellant failed to provide evidence showing they
did appear at the March 24, 1998 trial. 

 Furthermore, this Court need not address Appellant's remaining sub-issues since the
trial court granted the Motion to Dismiss on the grounds that Appellant failed to appear. The
court specifically stated in its Additional Findings of Fact and Conclusions of Law:3. The Court announced at the hearing on the Motion to Dismiss that it was
granting the Motion to Dismiss specifically on the grounds of the alleged
failure of the Plaintiff to appear for trial on March 24, 1998. 

 

Under Rule 165a(1), a trial court may dismiss a case for want of prosecution if a party fails
to appear at trial. Tex. R. Civ. P. 165a(1). Thus, the trial court properly dismissed the case
because Appellant failed to appear. Accordingly, we overrule Appellant's Issue No. One and
affirm the judgment of the trial court. 

April 22, 2004


 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.