**THE HOME INSURANCE COMPANY, Appellant,**

v.

**Nicandro GARCIA, Appellee.**

**No. 08–00–00210–CV.**

Court of Appeals of Texas, El Paso.

March 7, 2002.

Rehearing Overruled April 3, 2002.

Darrell W. Corzine, McMahon, Tidwell, Hansen, Atkins & Peacock, P.C., Odessa, for Appellant.

Barry L. Hart, Law Office of Larry L. Hart, Odessa, for Appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

### OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the judicial review of several final decisions of the Workers' Compensation Commission Appeals Panel. For the reasons stated, we affirm in part and reverse and render in part.

## I. SUMMARY OF THE EVIDENCE

Appellee, Nicandro Garcia, was injured on April 23, 1995, while in the course and scope of his employment. He filed a workers' compensation claim with the Texas Workers' Compensation Commission ("TWCC"). Appellee underwent surgery in April 1997, and again in May 1999. He received a fifteen percent (15%) whole body impairment rating for his injuries and applied for supplemental income benefits for four compensable quarters. The TWCC determined that Appellee was not entitled to supplemental income benefits. The TWCC Appeals Panel affirmed all of the orders of the contested case hearing officers.

Appellee filed suit against Appellant, The Home Insurance Company, seeking review of the TWCC Appeals Panel's decisions. After a jury trial, verdict was entered in favor of Appellee. Appellee then

filed his Motion to Modify the Judgment to include attorney's fees. Appellant filed a Motion to Disregard the Jury Findings and for Judgment Notwithstanding the Verdict.[1] The trial court granted Appellee's motion for attorney's fees and denied Appellant's motions. After a second Motion to Disregard the Jury Findings and for Judgment Notwithstanding the Verdict was overruled by the trial court, Appellant filed its notice of appeal.

## II. *DISCUSSION*

Appellant presents four issues on appeal challenging the legal and factual sufficiency of the evidence, complaining of error in submitting a jury instruction, and challenging the award of attorney's fees. We begin with the sufficiency issues.

### A. Legal and Factual Insufficiency

In considering a "no evidence" legal insufficiency issue, we consider only the evidence and inferences that tend to support the jury's findings and disregard all evidence and inferences to the contrary. *See Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–35 (Tex.1986); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *Texas Tech Univ. Health Sciences Ctr. v. Apodaca,* 876 S.W.2d 402, 411–12 (Tex. App.-El Paso 1994, writ denied). If more than a scintilla of evidence supports the questioned finding, the "no evidence" issue fails. *See Tseo v. Midland Am. Bank,* 893 S.W.2d 23, 25 (Tex.App.-El Paso 1994, writ denied); *Hallmark v. Hand,* 885 S.W.2d 471, 474 (Tex.App.-El Paso 1994, writ denied).

An "insufficient evidence" or factual insufficiency issue involves a finding that is so against the great weight and preponderance of the evidence as to be manifestly wrong. The test for factual insufficiency issues is set forth in *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). In reviewing an issue asserting that a finding is against the great weight and preponderance of the evidence, we must consider all of the evidence, both the evidence which tends to prove the existence of a vital fact, as well as evidence which tends to disprove its existence. It is for the jury to determine the weight to be given to the testimony and to resolve any conflicts in the evidence. *See Carrasco v. Goatcher,* 623 S.W.2d 769, 772 (Tex.App.-El Paso 1981, no writ). The jury's finding should be sustained if there is some probative evidence to support it and provided it is not against the great weight and preponderance of the evidence. *See id.* Thus, we cannot substitute our judgment for that of the fact finder even if we find a fact contrary to that found by the jury. If, however, the verdict is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the issue should be sustained.

In Issue No. One, Appellant challenges the legal sufficiency of the evidence to support the jury's finding as to whether Appellee attempted in good faith to obtain employment commensurate with his ability to work. It is undisputed that Appellee did not look for work during the first three quarters in which he was eligible for supplemental income benefits.[2] The jury was instructed that if they found "by a preponderance of the evidence that Nicandro

---

1. This motion was alternatively labeled a motion for new trial.

2. The quarters were divided as follows: (1) December 5, 1997 through March 5, 1998;

(2) March 6, 1998 through June 4, 1998; (3) June 5, 1998 through September 3, 1998; and (4) September 4, 1998 through December 3, 1998.

Garcia had no ability to work at all during said period due to the injury, then he had no duty to attempt to obtain employment during such period." Thus, Appellee had to prove that he had no ability to work during the first three quarters in which he was eligible for supplemental benefits. We will address the legal sufficiency of the evidence to support that finding.

Appellee, age 63, testified that he was born in Mexico, attended school through the fourth grade, and could not read, write, or speak English. His past work experience was in agricultural work, ranch labor, oilfield labor, asbestos removal, caring for horses, and seismograph labor. Appellee was injured when a company truck in which he was riding rolled over and he has been under a doctor's care since then. He underwent an operative procedure to his lumbar spine in April 1997, and was diagnosed with multilevel degenerative disc disease. Appellee testified that he still has pain all day due to the clamp used on his disc. He also complained of pain in his right hip and difficulty with his right knee when walking. Appellee's doctor gave him a back brace to wear when the pain was severe and when driving.

After the back surgery, Appellee testified that the pain in his back eased, but it was worse in his legs. He was able to do things around the house, but became very tired. He found that when he did something during the day, he was unable to sleep at night. Appellee's blood pressure went up and he began having problems with his legs and arms. He testified that he was unable to perform any manual tasks except for short periods of time, unable to sit for long periods of time, and unable to stand for long periods of time. In 1998, Appellee was referred to another doctor for a possible second surgery. After getting a second opinion, Appellee had an anterior cervical interbody fusion ("neck surgery") to alleviate the pain in his neck, shoulders, and left arm.

In considering only the evidence and inferences that tend to support the jury's findings and disregarding all evidence and inferences to the contrary, we conclude there was more than a scintilla of evidence presented upon which the jury could find that Appellee had no ability to work during the first three quarters in which he was eligible for supplemental income benefits. Issue No. One is overruled.

In Issue No. Two, Appellant challenges the factual sufficiency of the evidence to support the jury's finding that Appellee had a total inability to work due to his injury and whether he attempted in good faith to obtain employment commensurate with his ability to work. As previously noted, it is undisputed that Appellee did not look for work during the first three quarters in which he was eligible for supplemental income benefits. Thus, we will address the factual sufficiency of the evidence to support the jury's finding that he had *no* ability to work during the first three quarters in which he was eligible for supplemental benefits. We will also address the factual sufficiency of the evidence to support the jury's finding that Appellee had a total inability to work and/or whether he attempted in good faith to obtain employment commensurate with his ability to work during the fourth quarter in which he was eligible for supplemental benefits.

With regards to the first three quarters, Appellant argues that the January 1998, surveillance videotape that was admitted into evidence at trial conclusively established that Appellee had the ability to work as of January 1998, during the first quarter in which he was eligible. The video shows Appellee performing carpen-

try work on his house, climbing up and down a ladder, hammering, sawing, carrying a five gallon jug of water, feeding chickens, and mending a chicken coop. When questioned about the video, Appellee admitted that the video did show him working around his house, climbing a ladder, hammering, leveling a door, and feeding chickens. He stated that he was able to mend the chicken coop, but that it hurt him to do so. When asked about carrying the five gallon jug of water, Appellee explained that he only put three gallons of water in it. He testified that at the time the video was taken, he was able to do "a job for maybe thirty minutes or twenty minutes" and would not be able to work "all day long for many hours." Appellee stated that he tired easily and most of the tasks shown in the video took five to ten minutes to complete. He testified that after completing such tasks, he was unable to sleep at night and had pain in his lower back.

In considering all of the evidence, we do not find the verdict to be so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. The jury is the sole judge of credibility and it is within their province to weigh the evidence and resolve any conflicts. The jury heard testimony from Appellee and watched the videotape and it was their function to accept or reject any, part, or all of the witness's testimony and the evidence. We cannot substitute our conclusions for those of the jury and it is not within the province of this Court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. This portion of Issue No. Two is overruled.

■ With regards to the fourth quarter, Appellant states that after ten months of making no job applications or contacts, Appellee applies for twenty-nine jobs in sixteen days. Appellant maintains that such action cannot be considered a good faith attempt and relies on the testimony of two witnesses, Christine Metler and Velma Dominguez, to support this contention. Metler, a manager for Bealls Department Store, testified that Appellee told her, "I don't want to work. I just want the form signed...." She also stated that he refused to fill out an application. On cross-examination, Metler admitted that she did not speak Spanish and had another employee translate her conversation with Appellee. She also stated that the application form was not in Spanish.

Dominguez, the human resources manager and safety director for Winkles Trucks, Inc., testified that Appellee told her he was there to get a signature stating that he had gone to apply for employment. She stated that he signed the front and back of the application but did not complete the entire application. On cross-examination, Dominguez admitted she was not fluent in Spanish but was able to get her point across.

Appellee testified that he did not recall telling Metler and Dominguez that he did not want a job. He stated that he did not even remember going to Bealls but that it was possible. Appellee remembered going to Winkles Trucks, Inc., but did not remember whether the application form was given to him. He admitted that it was his signature on the application form.

Once again, we note that the jury is the sole judge of credibility and it is within their province to weigh the evidence and resolve any conflicts. In applying the appropriate standard noted above, we find the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule Issue No. Two in its entirety.

## B. Abuse of Discretion

"A [party] who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding). The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Amador v. Tan*, 855 S.W.2d 131, 133 (Tex.App.-El Paso 1993, writ denied). Another way of stating the test is whether the act was arbitrary or unreasonable. *See Downer*, 701 S.W.2d at 242 (citing *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984)); *Amador*, 855 S.W.2d at 133. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *See Downer*, 701 S.W.2d at 242 (citing *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965)). A mere error of judgment is not an abuse of discretion. *See Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989).

In Issue No. Three, Appellant asserts that the trial court erred in submitting a defective and legally insufficient instruction to the jury. We review the court's charge under an abuse of discretion standard. *See Texas Dep't of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. *See Wilgus v. Bond*, 730 S.W.2d 670, 672 (Tex. 1987). Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections. *See* Tex.R. Civ. P. 274; *Borden, Inc. v. Rios*, 850 S.W.2d 821, 826 (Tex.App.-Corpus Christi 1993, no writ). The purpose of Rule 274 is to afford trial courts the opportunity to correct errors in the charge by requiring that any objection made clearly designate the error and explain the grounds for complaint. *See Wilgus*, 730 S.W.2d at 672. Therefore, when a particular instruction included in the trial court's charge to the jury is defective, the complaining party must make a timely and specific objection pointing out the matter complained of and the ground of the objection. If the objection does not fully comply with the requisites of Rule 274, the party waives the complaint. *See Kirkpatrick v. Memorial Hosp.*, 862 S.W.2d 762, 769 (Tex.App.-Dallas 1993, writ denied).

The complained-of instruction reads as follows:

Question No. 1:

Do you find by a preponderance of the evidence that Nicandro Garcia attempted in good faith to obtain employment commensurate with his ability to work?

If you find by a preponderance of the evidence that Nicandro Garcia had no ability to work at all during said period due to the injury, then he had no duty to attempt to obtain employment during such period.

Answer "Yes" or "No" for each of the following periods of time

(a) December 5, 1997 through March 5, 1998

(b) March 6, 1998 through June 4, 1998

(c) June 5, 1998 through September 3, 1998

(d) September 4, 1998 through December 3, 1998

■ At the charge conference, Appellant objected to the portion of Question No. 1 that states, "If you find by a preponderance of the evidence that Nicandro Garcia had no ability to work at all during said period due to the injury, then he had no duty to attempt to obtain employment during such period." Appellant stated that such an instruction "would give the Plaintiff 'two bites at the apple'...." Appellant argued that "the question itself includes the instruction that impliedly includes the instruction that was given." Appellant also objected to the inclusion of (a), (b), and (c) on the grounds that there was no evidence that Appellee made any job contacts during those first three periods. Finally, Appellant made a motion for instructed verdict with regard to (d) because Appellee admitted that he made job contacts during the last quarter implying that he had some ability to work. The trial court overruled the objections and the request for an instructed verdict. Appellee contends that no proper objection was made to the instruction as required by Rule 274 of the Texas Rules of Civil Procedure and thus the issue is waived. We agree.

While Appellant objected to the instruction and pointed out the objectionable portion, it did not state the grounds of the objection. *See Wilgus*, 730 S.W.2d at 672; Tex.R. Civ. P. 274. The statement that Appellee is getting "two bites at the apple" is an insufficient ground for objection. In its Reply Brief, Appellant attempted to clarify exactly how the instruction was defective by stating that it "did not track the language of Section 408.142(a)(4) [of the Texas Labor Code] as closely as possible." However, this complaint was not raised to the trial court and thus is not preserved for appeal. Furthermore, we have addressed the legal insufficiency question and concluded that there is sufficient evidence in the record. Because Appellant

did not fully comply with the requisites of Rule 274, Issue No. Three is overruled.

■ In Issue No. Four, Appellant asks this Court to vacate the award of attorney's fees because (1) there is no Texas statute authorizing recovery of attorney's fees under the circumstances of the case; (2) there was no evidence of attorney's fees presented to the trial court or jury; and (3) Appellee failed to request a special issue on the question of attorney's fees and therefore waived the issue. Courts have uniformly held that any award of attorney's fees, pursuant to statute or under common law, is within the discretion of the trial court. Absent a showing of an abuse of discretion, the award or failure to award fees will not be disturbed on appeal. *See Amoco Production Co. v. Smith*, 946 S.W.2d 162, 165 (Tex.App.-El Paso 1997, no writ); *Simms v. Lakewood Village Property Owners Ass'n, Inc.*, 895 S.W.2d 779, 787 (Tex.App.-Corpus Christi 1995, no writ); *Houston Lighting & Power Co. v. Dickinson Indep. School Dist.*, 641 S.W.2d 302, 311 (Tex.App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Fowler v. Stone*, 600 S.W.2d 351, 353 (Tex.Civ.App.-Houston [14th Dist.] 1980, no writ); *Stegall v. Stegall*, 571 S.W.2d 564, 566 (Tex.App.-Fort Worth 1978, no writ).

Appellee asserts that attorney's fees are recoverable under Section 408.147(c) of the Texas Labor Code. The section reads:

(c) If an ***insurance carrier disputes*** a commission determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorneys' fees incurred by the employee as a result of the ***insurance carrier's dispute*** and for supplemental income benefits

accrued but not paid and interest on that amount, according to Section 408.064. Attorney's fees awarded under this subsection are not subject to Sections 408.221(b), (f), and (i).

TEX. LAB.CODE ANN. § 408.147(c) (Vernon Supp.2002) (emphasis added). The statute is clear and unambiguous that attorney's fees are recoverable when the insurance carrier disputes a commission finding. There is no provision for the recovery of attorney's fees when the employee disputes a commission finding. Therefore, the trial court acted without reference to any guiding rules and principles. *See Downer,* 701 S.W.2d at 241–42; *Amador,* 855 S.W.2d at 133. We sustain Issue No. Four.

Having overruled Issues No. One through Three, we affirm that portion of the trial court's judgment. Having sustained Issue No. Four, we reverse and render the award of attorney's fees.