Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






INEZ RODRIGUEZ,


 Appellant,


v.


OLD REPUBLIC INSURANCE
COMPANY,


 Appellee.


§


§


§


§


§

No. 08-02-00522-CV


Appeal from the


County Court at Law Number Five


of El Paso County, Texas


(TC# 2000-068)


M E M O R A N D U M O P I N I O N

 This is an appeal from a workers' compensation case. For the reasons stated, we
affirm.

I. SUMMARY OF THE EVIDENCE

 In August 1991, Appellant, Inez Rodriguez, was injured while at his job at Asarco,
Inc. As a result of that injury, Appellant applied for Supplemental Income Benefits. He had
a contested hearing before the Texas Workers' Compensation Commission ("TWCC") on
September 28, 1999. The hearing officer determined that Appellant was not entitled to
Supplemental Income Benefits and the TWCC Appeals Panel affirmed. In January 2000,
Appellant filed suit seeking judicial review of the Appeals Panel's decision. After a jury
found that Appellant had made a good faith effort to obtain employment commensurate with
his ability to work during the filing period for the first through the twentieth quarters, the
court entered judgment in Appellant's favor. Appellant filed his notice of appeal solely on
the issue of attorney's fees. 

II. DISCUSSION


 In four issues, Appellant argues that the trial court erred in refusing to award
attorney's fees in his Supplemental Income Benefits case. (1) This Court recently addressed a
similar issue in Home Ins. Co. v. Garcia, 74 S.W.3d 52 (Tex. App.--El Paso 2002, no pet.). 
We noted that Section 408.147(c) of the Texas Labor Code does provide that attorney's fees
are recoverable when an insurance carrier disputes a commission determination that an
employee is entitled to Supplemental Income Benefits and the employee prevails on any
disputed issue. Tex. Lab. Code Ann. § 408.147(c) (Vernon Supp. 2004); Home Ins. Co. v.
Garcia, 74 S.W.3d at 60. However, we found there is no provision for the recovery of
attorney's fees when the employee disputes a commission finding, as is the issue in the
present case. Id. at 60. Accordingly, we overrule Appellant's issues on review and affirm
the judgment of the trial court.

August 6, 2004


 RICHARD BARAJAS, Chief Justice




Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.
1. Appellee maintains this issue was waived because Appellant did not request a jury question on the issue
of attorney's fees.