COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-165-CV

 

 

TEXAS MUTUAL INSURANCE                                                APPELLANT

COMPANY

 

                                                   V.

 

LAHONDA BAKER                                                                  APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  INTRODUCTION

This case arises from a workers=
compensation award of supplemental income benefits (SIBs) and attorneys= fees to
appellee Lahonda Baker.  In ten issues,
appellant Texas Mutual Insurance Company challenges a jury=s
determination that Baker is entitled to SIBs and the trial court=s order
granting attorneys= fees to Baker.  We will affirm in part and reverse in part.








                                          II.  BACKGROUND








Baker was injured on February 13, 2001, while
employed and working for a packaging company. 
Texas Mutual provided workers=
compensation insurance coverage for the packaging company.  Both parties agree that Baker sustained a
compensable injury in the course and scope of her employment that resulted in a
17% impairment rating.  Baker sought SIBs
for eight consecutive quarters from Texas Mutual.  These quarters ranged from June 15, 2003, to
June 11, 2005.[1]  Following a benefit review conference and
contested case hearing, the Texas Workers=
Compensation Commission=s[2]
(Commission) hearing officer concluded that Baker was not entitled to SIBs for
any of the relevant quarters because Baker did not make a good faith effort to
find employment and because there existed credible records that demonstrated
Baker had Asome ability to work.@  A Commission appeals panel affirmed the
decision.

Baker then sought judicial review of the
Commission=s determination.  The case was tried to a jury, which awarded
SIBs to Baker for the Fourth, Fifth, Sixth, Seventh, and Eighth Quarters.  The jury determined that Baker possessed no
ability to work during the Fourth, Fifth, and Sixth Quarters and that Baker had
made a good faith effort to find employment during the Seventh and Eighth
Quarters.  Baker then filed a motion with
the trial court seeking attorneys=
fees.  The trial court granted the motion
and ordered Texas Mutual to pay $26,848.90 in attorneys= fees to
Baker.  This appeal followed.

                                           III.  DISCUSSION

A.     Attorneys= Fees

In its first issue, Texas Mutual argues that the
trial court erred by awarding attorneys= fees
and expenses to Baker under section 408.147(c) of the labor code.  Tex. Lab. Code Ann. ' 408.147(c)
(Vernon 2006).  We agree.








It is a longstanding principle in Texas that
attorney=s fees
may not be recovered from an opposing party unless such recovery is provided
for by statute or by contract between the parties.  Travelers Indem. Co. of Conn. v. Mayfield,
923 S.W.2d 590, 593 (Tex. 1996); New Amsterdam Cas. Co. v. Texas Indus.,
Inc., 414 S.W.2d 914, 915 (Tex. 1967). 
The authorization of attorney=s fees
in civil cases may not be inferred; rather, it Amust be
provided for by the express terms of the statute in question.@  Mayfield, 923 S.W.2d at 593 (quoting First
City Bank‑Farmers Branch v. Guex, 677 S.W.2d 25, 30 (Tex. 1984)).

Generally, attorney=s fees
in a workers= compensation case are payable
out of the claimant=s recovery.  Mayfield, 923 S.W.2d at 593.  But the court in Mayfield recognized
that section 408.147(c) provides for an exception to the general rule if Aan
insurance carrier unsuccessfully challenges a Commission order awarding
supplemental income benefits.@  Id. 
The question this court is presented with is whether the section
408.147(c) exception applies in cases in which the employee, rather than the
insurance carrier, disputes the Commission=s
finding that the employee is not eligible for SIBs.

Section 408.147 of the Workers=
Compensation Act provides the following:

' 408.147.
       Contest of Supplemental Income
Benefits by Insurance Carrier; Attorney=s Fees

 

(a) An insurance carrier may
request a benefit review conference to contest an employee=s
entitlement to supplemental income benefits or the amount of supplemental
income benefits.

 








(b) If an insurance carrier
fails to make a request for a benefit review conference within 10 days after
the date of the expiration of the impairment income benefit period or within 10
days after receipt of the employee=s
statement, the insurance carrier waives the right to contest entitlement to
supplemental income benefits and the amount of supplemental income benefits for
that period of supplemental income benefits.

 

(c) If an insurance carrier
disputes the commissioner=s determination that an employee
is entitled to supplemental income benefits or the amount of supplemental
income benefits due and the employee prevails on any disputed issue, the
insurance carrier is liable for reasonable and necessary attorney=s fees
incurred by the employee as a result of the insurance carrier=s dispute
and for supplemental income benefits accrued but not paid and interest on that
amount, according to Section 408.064 [Interest on Accrued Benefits].  Attorney=s fees
awarded under this subsection are not subject to Sections 408.221(b), (f), and
(i) [which place limitations on the award of attorney=s fees].

 

Tex. Lab. Code Ann. ' 408.147.








Because statutory construction is a question of
law, we review the trial court=s action
de novo.  Johnson v. City of Fort
Worth, 774 S.W.2d 653, 656 (Tex. 1989); State Farm Lloyds v. Kessler,
932 S.W.2d 732, 735 (Tex. App.CFort
Worth 1996, writ denied).  To be sure, we
should liberally construe the Workers=
Compensation Act in favor of the injured worker, but a strained or narrow
construction of section 408.147(c) would be improper.  See Kroger Co. v Keng,
23 S.W.3d 347, 349 (Tex. 2000) (holding that strained or narrow construction of
section 406.033 of Workers=
Compensation Act would be improper); Tex. Employers Ins. Ass=n v.
Duree, 798 S.W.2d 406, 409 (Tex. App.CFort
Worth 1990, writ denied) (en banc op. on reh=g)
(acknowledging that Workers=
Compensation Act should be liberally construed in favor of claimant).  The primary rule of statutory construction is
to ascertain and give effect to the legislature=s
intent.  Tex. Gov=t Code
Ann. ' 312.005
(Vernon 2005); Kroger, 23 S.W.3d at 349. 
And we ascertain the legislature=s intent
by the plain and common meaning of the words used.  Tex. Gov=t Code
Ann. ' 311.011
(Vernon 2005); Kroger, 23 S.W.3d at 349.








This court has addressed section 408.147(c)
before.  See Liberty Mut. Ins. Co. v.
Montana, 49 S.W.3d 599, 601 (Tex. App.CFort
Worth 2001, no pet.).  In Montana,
an employee sought judicial review of the Commission=s
determination that the employee was not entitled to SIBs for the Sixth and
Seventh Quarters after the Commission initially determined the employee was
eligible for SIBs.  Id. at 600B01.  A jury found that the employee was unable to
work during the requisite qualifying periods, and the trial court, accordingly,
entered a judgment awarding the employee SIBs for those quarters.  Id. 
The trial court also awarded attorney=s fees
and expenses to the employee under section 408.147(c).  Id. 
The insurance carrier appealed, claiming that the statute did not allow
attorney=s fees
for an employee any time an employee challenged the Commission=s
determination concerning the claimant=s
entitlement to SIBs.  Id. at
602.  This court held that Athe
plain language of the statute authorizes an award of attorney=s fees
in any case where the Commission initially awards SIBs and the carrier later
disputes that award as long as the employee eventually prevails on >any
disputed issue.=@  Id. at 604.  But this court=s
holding in Montana was predicated on the Commission=s having
initially determined that the employee was eligible for SIBs and the
insurance carrier=s having later disputed the
employee=s
entitlement to SIBs for subsequent compensable quarters.  Id. 
This present case is distinguishable.








In this case, it is the employee, Baker, who has
contested the Commission=s initial and continued
determination that she was not entitled to SIBs.  In cases like this one, we agree with our
sister court in El Paso that when an employee disputes the Commission=s
finding and there has never been an initial determination by the Commission
that the employee is entitled to SIBs, there exists Ano
provision for the recovery of attorney=s fees
[under 408.147(c)].@ 
Home Ins. Co. v. Garcia, 74 S.W.3d 52, 60 (Tex. App.CEl Paso
2002, no pet.).  Just as the plain
language of the statute authorizes an award of attorney=s fees
to an employee who prevails on any disputed issue in cases in which the
Commission initially awards SIBs and the insurance carrier later disputes that
award, the statute is equally clear and unambiguous that attorney=s fees
are not recoverable when the employee disputes an initial Commission finding that
the employee is not entitled to SIBs.  Compare
Montana, 49 S.W.3d at 604 (holding that section 408.137(c) permits the
recovery of attorney=s fees when the Commission makes
an initial determination that the employee is entitled to SIBs and the
insurance carrier later disputes the employee=s
entitlement for subsequent quarters), with Garcia, 74 S.W.3d at
60 (holding that section 408.137(c) does not permit the recovery of attorney=s fees
when the employee disputes a Commission finding).  Thus, we hold that the trial court erred by
awarding attorney=s fees to Baker and sustain
Texas Mutual=s first issue.

B.     Baker=s
Entitlement to Supplemental Income Benefits

In its remaining nine issues, Texas Mutual argues
that the trial court erred by entering judgment, based on the jury=s
verdict, that Baker was entitled to SIBs.

1.     Fourth
Quarter SIBs








In its second issue, and in parts of its seventh,
eighth, ninth, and tenth issues, Texas Mutual contends that Baker was not
entitled to SIBs for the Fourth Quarter. 
In these issues, Texas Mutual asserts three basic arguments.  First, Texas Mutual argues that Baker failed
to establish a statutory prerequisite to the jury=s
finding that Baker had no ability to return to work.  Second, Texas Mutual argues that Baker failed
to Aprovide
a >narrative
report= showing
her inability to work during the Fourth Quarter.@  Third, Texas Mutual argues that the evidence
is legally and factually insufficient to support the jury=s
finding that Baker had no ability to work during the Fourth Quarter=s
qualifying period.  We disagree.

a.      Records indicating Baker could work during
the Fourth Quarter

 

Texas Mutual contends that Baker cannot recover
SIBs for the Fourth Quarter because Aeight
other records showing@ that Baker had an ability to
work during the quarter were presented to the jury.  Texas Mutual=s
argument is that chapter 28, section 130.102(d)(4) of the Texas Administrative
Code clearly dictates that an injured employee cannot receive SIBs if other
records show that the injured employee is able to return to work.  See 28 Tex. Admin. Code ' 130.102(d)(4);
see also Rodriguez v. Serv. Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex.
1999) (reasoning that when administrative rules, which have the same force as
statutes, are clear and unambiguous, a court will follow the rules= clear
language).  Texas Mutual further contends
that eight different medical records indicating that Baker had an ability to
work during the Fourth Quarter were introduced and presented to the jury.  Therefore, Texas Mutual argues, Baker cannot
satisfy her burden that Ano other records@
demonstrate she had an ability to work during the qualifying period for the
Fourth Quarter.








Baker counters, among other retorts, that none of
the records Texas Mutual relies on for their argument is dated within the
relevant qualifying period for determining whether Baker was entitled to SIBs
for the Fourth Quarter.  Thus, Baker
argues, the jury Acould reasonably and properly
have disregarded these reports.@  We agree with Baker.

The qualifying period for the Fourth Quarter SIBs
was March 14, 2004, through June 12, 2004. 
None of the records on which Texas Mutual relies for its argument is
from that qualifying time period.  We
overrule this portion of Texas Mutual=s
second, seventh, eighth, ninth, and tenth issues.

b.     Narrative report concerning Baker=s
injuries

Tex0as Mutual also contends that Baker failed to
provide a narrative report showing her inability to work during the Fourth
Quarter.  For this argument, Texas Mutual
cites the Texas Administrative Code and multiple Commission Appeals Panel
decisions for the proposition that generalized treatment notes are insufficient
to meet the prerequisite of a narrative report to be entitled to SIBs.  See 28 Tex. Admin. Code ' 130.102(d)(4);
see also Tex. Workers= Comp.
Comm=n,
Appeal No. 010897, 2001 WL 1461580, at *2 (2001); Tex. Workers= Comp.
Comm=n,
Appeal No. 080850, 2008 WL 4176920 at *2 (Aug. 5, 2008).  The gist of Texas Mutual=s
argument is that Baker offered only general Atreatment
notes@ that
did not sufficiently explain the causation between Baker=s
injuries and her alleged inability to work during the Fourth Quarter.








Baker responds that she satisfied the Anarrative
report@
requirement by admitting into evidence her treating doctor=s
letters and treatment notes.  To buttress
her position, Baker also admitted into evidence the contested case hearing
officer=s
decision which specifically stated that Baker=s
treating doctor=s Aletters
and medical notes [qualified] as >a
narrative report from a doctor which specifically explains how the injury
causes a total inability to work.=@  Baker contends that the hearing officer=s
decision is consistent with other Appeals Panel decisions in which a doctor=s
progress notes and testimony were considered sufficient to meet the narrative
report requirement.  See Tex.
Workers= Comp.
Comm=n,
Appeal No. 012527, 2001 WL 36099628, at *2 (Dec. 11, 2001).  We agree with Baker. 

The fact that the hearing officer made this
specific finding in his decision and that the decision was admitted into
evidence at trial is evidence sufficient to support the jury=s
determination that Baker had satisfied the narrative report requirement.  We overrule this portion of Texas Mutual=s
second, seventh, eighth, ninth, and tenth issues.

c.      Sufficiency
of the Evidence








Texas Mutual ultimately asserts that the evidence
is legally and factually insufficient to support the jury=s
determination that Baker had Ano
ability@ to work
during the Fourth Quarter qualifying period. 
This argument, however, is predicated on Texas Mutual=s
argument that Baker had failed to meet the Ano other
records@
requirement.  Having disposed of that
issue against Texas Mutual, we overrule the remaining portion of its second,
seventh, eighth, ninth, and tenth issues.

2.     Four
Consecutive Quarter Rule

In its third issue, Texas Mutual argues that
Baker is not entitled to SIBs at all. 
Texas Mutual=s argument is that under section
130.106 of the Texas Administrative Code, a workers=
compensation claimant who is not entitled to SIBs for a period of four
consecutive quarters permanently loses any entitlement to SIBs.  See 28 Tex. Admin. Code ' 130.106
(adopted to be effective 1999) (Tex. Dep=t of
Ins., Permanent Loss of Entitlement to Supplemental Income Benefits).  Texas Mutual=s third
issue is predicated on this court=s having
sustained its second issue.  Because we
overruled Texas Mutual=s second issue, we also overrule
its third issue.

3.     Baker=s
entitlement to SIBs for the Seventh and Eighth Quarters

 








In its sixth issue, Texas Mutual argues that the
evidence is legally and factually insufficient to support the jury=s
determination that Baker is entitled to SIBs for the Seventh and Eighth
Quarters because Baker failed to search for employment every week during the
qualifying periods.  Baker counters that
she was not required to search for employment every week during the qualifying
periods for the Seventh and Eighth Quarters; rather, Baker argues that the
evidence is legally and factually sufficient to demonstrate that she satisfied
the good faith effort requirement to obtain employment during the qualifying
periods.  We agree with Baker.

We may sustain a legal sufficiency challenge only
when (1) the record discloses a complete absence of evidence of a vital fact;
(2) the court is barred by rules of law or of evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered to
prove a vital fact is no more than a mere scintilla; or (4) the evidence
establishes conclusively the opposite of a vital fact.  Uniroyal Goodrich Tire Co. v. Martinez,
977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999);
Robert W. Calvert, ANo Evidence@ and AInsufficient
Evidence@ Points of Error, 38
Tex. L. Rev. 361, 362B63 (1960).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could and
disregard evidence contrary to the finding unless a reasonable factfinder could
not.  Cent. Ready Mix Concrete Co. v.
Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005).








When reviewing an assertion that the evidence is
factually insufficient to support a finding, we set aside the finding only if,
after considering and weighing all of the evidence in the record pertinent to
that finding, we determine that the evidence supporting the finding is so weak,
or so contrary to the overwhelming weight of all the evidence, that the answer
should be set aside and a new trial ordered. 
Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op. on
reh=g); Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); In re King=s Estate, 150
Tex. 662, 244 S.W.2d 660, 661 (1951).








In order to be entitled to SIBs, an Ainjured
employee who has not returned to work and is able to return to work in any
capacity shall look for employment commensurate with his or her ability to work
every week of the qualifying period and document his or her job search efforts.@  28 Tex. Admin. Code ' 130.102(e);
Teague v. Ins. Co. of State of Pa., 144 S.W.3d 607, 611 (Tex. App.CAmarillo
2004, no pet.) (holding that in order to satisfy the good faith effort
criterion necessary to maintain qualification for SIBs, a claimant is obligated
to search every week for work commensurate with claimant=s
ability to work).  The Commission Appeals
Panel has noted that a claimant can satisfy this requirement by demonstrating
that the claimant had no ability to work for part of the qualifying period and
by conducting a good faith job search in the other part of the qualifying
period.  See Tex. Workers= Comp.
Comm=n,
Appeal No. 001777, 2000 WL 1573129, at *2 (Sept. 18, 2000).  In order to prevail under this theory, the
claimant must produce evidence that establishes the requirements of section
130.102(d)(4) specific to the portion of the qualifying period in which no
ability to work is claimed.  28 Tex.
Admin. Code ' 130.102(d).  That is, the claimant must produce a
narrative report that explains how the injury causes a total inability to work,
and no other record can show that the claimant had some ability to work in the
part of the qualifying period during which the claimant asserts she had no
ability to work.  Tex. Workers= Comp.
Comm=n,
Appeal No. 001777, 2000 WL 1573129, at *2 (Sept. 18, 2000).

In this case, Baker offered evidence consisting
of her medical records, and letters and medical notes from her treating
physician, indicating that she was unable to work in any capacity during the
qualifying periods pertaining to the Seventh and Eighth Quarters.  Moreover, there was evidence presented at
trial that Baker did look for employment for all but the initial weeks of the
Seventh Quarter qualifying period and an eight-day stretch during the Eighth Quarter
qualifying period.








The jury could have reasonably found that Baker
either was not able to work in any capacity for the entire qualifying periods
or reasonably determined that Baker=s
medical records and her search for employment showed that Baker had no ability
to work for part of the qualifying periods and conducted a good faith job
search in the other part of the qualifying periods Acommensurate
with . . . her ability to work.@  See 28 Tex. Admin. Code ' 130.102(e);
see also Tex. Workers= Comp.
Comm=n,
Appeal No. 022558, 2002 WL 31856238, at *1 (Nov. 25, 2002) (recognizing that a
claimant may satisfy the good faith requirement under a Ahybrid
theory@ whereby
the claimant demonstrates no ability to work for part of the qualifying period
and by conducting a good faith job search in the other part of the qualifying
period).  Furthermore, Texas Mutual has
not pointed to any evidence in the record to show that the jury=s
determination is so contrary to the overwhelming weight of all the evidence
that it should be set aside and a new trial ordered.  We overrule Texas Mutual=s sixth
issue.

                                          IV.  CONCLUSION

Having sustained Texas Mutual=s first
issue, we reverse the trial court=s
judgment awarding attorneys= fees to
Baker and render judgment that Texas Mutual not pay Baker=s
attorneys= fees.  Having overruled Texas Mutual=s issues
two through nine, we affirm the remainder of the trial court=s
judgment.

 

BILL MEIER

JUSTICE

 

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

 

    MCCOY,
J. concurs without opinion.

 

DELIVERED:  July 23, 2009











[1]SIBs are
calculated quarterly, and an injured worker=s
eligibility for SIBs for a quarter is determined by events during the preceding
thirteen-week qualifying period.  Tex.
Lab. Code Ann. ' 408.144 (Vernon 2005); 28
Tex. Admin. Code ' 130.102 (last amended 1999)
(Tex. Dep=t of
Ins., Eligibility for Supplemental Income Benefits; Amount); 28 Tex. Admin.
Code ' 130.103
(last amended 1999) (Tex. Dep=t of
Ins., Determination of Entitlement or Non-entitlement for the First Quarter);
28 Tex. Admin. Code ' 130.104 (adopted to be
effective 1999) (Tex. Dep=t of Ins., Determination of
Entitlement or Non-entitlement for Subsequent Quarters).





[2]Effective
September 1, 2005, the Texas Workers=
Compensation Commission is now the Texas Department of Insurance, Division of
Workers=
Compensation.  See Tex. Lab. Code
Ann. ' 402.001
(Vernon 2006).